HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN R. WILSON, a married man; et. al., | No.: 2:17-cv-00696-RAJ |
| Plaintiff, | ORDER |
| v. | |
| JPMORGAN CHASE BANK, N.A.; et. al, | |
| Defendants. | |

This matter comes before the Court on the motion for summary judgment by defendant Quality Loan Service Corp. of Washington ("Quality") and McCarthy & Holthus, LLP ("M&H") (collectively "Defendants"). Dkt. # 9. The Court extended Plaintiff's deadline to respond to the motion to September 5, 2017. Dkt. # 18. However, Plaintiff did not file an opposition to the motion.

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no

Order
Page -1-

reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

However, the court need not, and will not, "scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996); *see also, White v. McDonnel-Douglas Corp.*, 904 F.2d 456, 458 (8th Cir. 1990) (the court need not "speculate on which portion of the record the nonmoving party relies, nor is it obliged to wade through and search the entire record for some specific facts that might support the nonmoving party's claim"). The opposing party must present significant and probative evidence to support its claim or defense. *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1558 (9th Cir. 1991). Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *T.W. Elec. Serv. V. Pac Elec. Contractors Ass'n*, 809 F. 2d 626, 630 (9th Cir. 1987).

The only evidence that Plaintiff submits to prove his claims is his Complaint. Dkt. # 1-1 (Complaint). Plaintiff has not filed declarations, and it is unclear whether Plaintiff has pursued discovery of any kind in this matter. On the other hand, Defendants' motion and accompanying documents sets forth facts and arguments showing that no genuine dispute of material fact exists as to Plaintiff's Deed of Trust Act claims, Declaratory Judgment claim, negligence claim, civil conspiracy claim, FDCPA claim, and CPA claim as pled against Quality, nor is there such a dispute with regard to Plaintiff's claims against

M&H.

For these reasons, the Court GRANTS Defendants' motion. Dkt. # 9.

DATED this 20th day of February, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge