UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN R. WILSON, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>JPMORGAN CHASE, N.A., et al.,<br><br>　　　　　　Defendants. | Nos. 2:17-cv-00696-RAJ (consolidated with 2:17-CV-01389-RAJ)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

This matter is before the Court on Defendant JPMorgan Chase's motion for summary judgment. Dkt. # 27. For the following reasons the Court **GRANTS** the motion.

## I.　BACKGROUND

For purposes of this motion, the Court construes the facts in the light most favorable to Plaintiffs, the non-moving party. Plaintiffs John and Jacqueline Wilson (collectively "Plaintiffs") are the homeowners of the property located at 19318 99th Ave. SE, Snohomish, Washington. Dkt. # 1-1. On April 22, 2005, Washington Mutual Bank

ORDER – 1

loaned Plaintiffs $567,000. Dkt. # 28, Ex. 1. Plaintiffs signed a Promissory Note which was secured by a Deed of Trust on their property. *Id.* The Note and Deed of Trust were ultimately acquired by Defendant JPMorgan Chase Bank, N.A. ("Defendant" or "Chase"). Dkt. # 28, Ex. 3.[1] Plaintiffs defaulted on the loan in December 2010. Dkt. # 28 at ¶ 8.

After Plaintiffs defaulted, the parties engaged in multiple loan modification attempts. In 2012, Chase offered Plaintiffs two loan modifications which they did not accept. Dkt. # 28 at ¶ 9, Exs. 4-5. In 2016, Plaintiffs requested a RCW § 61.24.163 foreclosure mediation. Dkt. # 28 at ¶ 10. Prior to the mediation, Plaintiffs sent Chase several incomplete loan modification applications and Chase asked Plaintiffs for additional information to complete the applications which they did not provide. Dkt. # 28 at ¶ 10, Ex. 6. In July 2016, the mediation closed. The mediator concluded that although Chase had participated in the mediation in good faith, Chase could not review Plaintiffs' request for a loan modification because they failed to verify their income and potential change of income. Dkt. # 28 at ¶ 14, Ex. 7. On September 11, 2017, Chase offered Plaintiffs another loan modification, which Plaintiffs did not accept. Dkt. # 28 at ¶ 17, Ex. 10. Two months later, Chase offered Plaintiffs a fourth loan modification, which Plaintiffs also did not accept. Dkt. # 28 at ¶ 18, Exs., 11; Dkt. # 29, Ex. 22 at 3.

On April 6, 2017, Plaintiffs brought suit against Defendants Quality Loan Service Corp. of Washington ("Quality"), McCarthy & Holthus, LLP ("M&H"), and Chase in

---

[1] Defendant asks the Court to take judicial notice of documents filed in support of its motion for summary judgment, including public records and court records. Dkt. # 27 at 12. The Court may take judicial notice of any "fact not subject to reasonable dispute" including public records and documents filed in federal or state courts. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir.2001) (explaining that a court may judicially notice matters of public record unless the matter is a fact subject to reasonable dispute); *Lee v. Thornburg Mortg. Home Loans Inc.*, 2014 WL 4953966, *3–6 (N.D. Cal. 2014) (taking judicial notice of court filings and public records). Defendant's request for judicial notice is GRANTED.

ORDER – 2

Snohomish County Superior Court. Dkt. # 1-1. Defendants timely removed to this Court. Dkt. # 1. Four months later, Plaintiffs brought a second complaint against the same defendants in Snohomish County Superior Court which was also removed to this Court. *See Wilson v. Quality Loan Service Corp of Washington et al.,* No. C17-01389 (W.D. Wash. Sept. 15, 2017) (the "389 action"), Dkt. # 1.

Plaintiffs' complaints appear to allege claims for declaratory judgment, negligence, breach of contract, civil conspiracy, and violations of the Washington Consumer Protection Act ("CPA"), and the Federal Debt Collection Practices Act ("FDCPA"). Dkt. # 1-1; *see also Wilson v. Quality Loan Service Corp of Washington et al.,* No. C17-01389 (W.D. Wash. Sept. 15, 2017), Dkt. # 1-2. On February 20, 2018, the Court granted summary judgment in favor of Quality and M&H in this action. Dkt. # 19. The Court also granted Quality and M&H's motion to dismiss in the '389 action. *See Wilson v. Quality Loan Service Corp of Washington et al.,* No. C17-01389 (W.D. Wash. Jun. 19, 2018), Dkt. # 15. On October 22, 2018, the Court consolidated both actions under the instant case. Dkt. # 22. Chase now moves for summary judgment. Dkt. # 27. [2]

## II. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the moving party shows that there are no genuine issues of material fact, the opposing party must set forth specific facts showing that there is a genuine issue of fact for trial.

---

[2] On June 21, 2019, Plaintiffs filed an untimely response to Defendant's motion for summary judgment. Plaintiffs offer no evidence to support their claims beyond the complaint. Plaintiffs have not filed declarations, and it is unclear whether Plaintiffs have pursued discovery of any kind in this matter.

ORDER – 3

*Id.* The court must view the evidence in the light most favorable to the nonmoving party. *Reeves v. Sanderson Plumbing Prods*., 530 U.S. 133, 150−51 (2000).

## III. DISCUSSION

### A. Plaintiffs' Admissions

Under Federal Rule of Civil Procedure 36(a), "[a] party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . ." Failure to timely respond to requests for admissions results in automatic admission of the matters requested. Fed. R. Civ. P. 36. No motion to establish the admissions is needed because Rule 36(a) is self-executing. *See F.T.C. v. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002). "Unanswered requests for admissions may be relied on as the basis for granting summary judgment." *Conlon v. United States*, 474 F.3d 616, 621 (9th Cir. 2007).

On August 27, 2018, Chase served its Requests for Admissions on Plaintiffs. Dkt. # 29 at ¶ 19, Ex. 26. Plaintiffs' responses were due on October 1, 2018. *Id.* Plaintiffs never responded. Dkt. # 29 at ¶ 19. Plaintiffs have not moved for withdrawal of these admissions under Rule 36(b). Accordingly, the matters addressed in the Requests for Admissions are deemed admitted. "Once a matter has been deemed admitted under Rule 36, even by default, the court may not consider evidence that is inconsistent with the admission." *Am. Gen. Life & Acc. Ins. Co. v. Findley*, 2013 WL 1120662, at *3 (C.D. Cal. Mar.15, 2013) (citing *999 v. C.I.T. Corp*., 776 F.2d 866, 869–70 (9th Cir. 1985).

Among other key facts, Plaintiffs admit that they have no evidence to support their declaratory judgment, negligence, breach of contract, civil conspiracy, FDCPA, or CPA claims. Dkt. # 30-1 at 6-7. Based on these admission, alone, Defendant's motion for summary judgment is **GRANTED**. However, even if Plaintiffs' admissions were not considered, Plaintiffs claims still fail for other reasons.

ORDER – 4

## B. RESPA Dual-Tracking Provisions

Many of Plaintiffs' claims appear to be based on the allegation that Chase violated RESPA's prohibition on "dual tracking." Under RESPA regulations, a servicer cannot continue with a foreclosure action or notice while reviewing a complete loan-modification application. 12 C.F.R. § 1024.41. This process is known as "dual-tracking." Plaintiffs allege that Chase engaged in dual-tracking when it initiated foreclosure proceedings while their loan modification application was pending. Chase counters that it could not have engaged in "dual tracking" because it never received a *completed* loan modification application. Dkt. # 27 at 18. Chase Dec. ¶¶ 14–16, Exs. 8-9. A complete loan application is a prerequisite to a dual tracking claim under RESPA. *Gelinas v. Bank of Am., N.A.*, No. 16-1355-RAJ, 2017 WL 1153859, at *4 (W.D. Wash. Mar. 28, 2017) (citing *Gresham v. Wells Fargo Bank, N.A.,* 642 Fed. Appx. 355, 359 (5th Cir. 2016) (unpublished)).

Here, Chase offers evidence that all the loan modification applications Plaintiffs submitted were missing information or documents. *See* Dkt. # 28 at ¶¶ 10, 12, 13, 15−16, Exs. 6, 8−9. Although it's clear Plaintiffs vigorously dispute that their loan modification applications were incomplete, they offer no evidence to support this position, beyond their own conclusory assertions. *See generally* Dkt. # 38. This is insufficient to survive a summary judgment motion. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) ("Uncorroborated allegations and "self-serving testimony" will not create a genuine issue of material fact."). Accordingly, to the extent Plaintiffs' claims are based upon violations of RESPA's dual-tracking provision, these claims fail as a matter of law.

## C. Breach of Contract

Plaintiffs appear to argue that Chase breached its contract with Plaintiffs when it purportedly failed to mediate in good faith and required Plaintiffs to submit complete loan modification applications before considering them. This claim fails as a matter of

ORDER – 5

law for several reasons. First, Plaintiffs have not identified any contract requiring Chase to give them a loan modification. To the extent that Plaintiffs base their claim on RESPA or the Washington Deed of Trust Act (RCW § 61.24.163), neither statute requires Chase to offer a loan modification. In fact, the Court can identify no legal authority requiring Chase to modify Plaintiffs' loan. *See, e.g., Badgett v. Sec. State Bank*, 116 Wn.2d 563, 572 (1991) (holding duty of good faith does not require party to accept material change to terms of contract); *see also Ogorsolka v. Residential Credit Sols., Inc.*, 2014 WL 2860742, *4–*5 (W.D. Wash. 2014) (lender has no duty to modify loan). Furthermore, even if Chase *did* have an obligation to offer Plaintiffs a loan modification, the record before the Court shows that Chase offered Plaintiffs four separate loan modifications, which they declined to accept. Dkt. # 28 at ¶¶ 9, 17-18, Exs. 4-5, 10-11; Dkt. # 29, Ex. 22. Accordingly, the Court **GRANTS** Defendant's motion as to this cause of action.

### D. Negligence

Plaintiffs' negligence claim appears to be based upon their breach of contract claim. Under Washington law, however, a plaintiff can only recover in tort if the alleged misconduct implicates a duty that arises independently of the terms of the contract. *Alejandre v. Bull*, 159 Wash. 2d 674, 683 (2007). Here, Plaintiffs' negligence claim appears to be based on their assertion that Chase breached the contract by failing to offer loan modifications and mediate in good faith. Because this is not an independent duty, Plaintiffs' breach of contract claim fails. *Alejandre,* at 383 ("If [the duty arises from a contract], the party will be held to contract remedies, regardless of how the plaintiff characterizes the claims.").

Even if Plaintiffs' negligence claim was not based on a breach of contract, it still fails because Plaintiffs have identified no duty requiring Chase to offer a loan modification. In general, a "lender is not a fiduciary of its borrower; a special relationship must develop between a lender and a borrower before a fiduciary duty

exists." *Miller v. U.S. Bank of Wash., N.A.*, 72 Wn. App. 416, 426–27 (1994), *as corrected Feb*. 22, 1994 (internal citations omitted). Here, Chase had no duty to Plaintiffs, outside of its contractual obligations under the Note and Deed of Trust. As a result, Chase had no duty to offer Plaintiffs a loan modification. *See* 12 C.F.R. § 1024.41(a); *Badgett*, 116 Wn.2d at 572.

For the reasons stated above, Plaintiffs' negligence claim fails as a matter of law. Accordingly, the Court **GRANTS** Defendant's motion as to this cause of action.

### E. Federal Debt Collection Practices Act

Section 1692e of the FDCPA prohibits debt collectors from using a "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Under the FDCPA, the term "debt collector" includes: "(1) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; (2) any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another; and (3) any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." *Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1208 (9th Cir. 2013); 15 U.S.C. § 1692a(6). A defendant must be a "debt collector" as defined by the statute to be liable under section 1692e of the FDCPA.

Plaintiffs' FDCPA claim fails for several reasons. First, Chase is not a "debt collector" as defined under the statute. The record is clear that Chase has held Plaintiffs' Note since September 2008. Dkt. # 28 at ¶ 7. To qualify as a "debt collector" under the FDCPA, a defendant must be attempting to collect the debts owed to someone else. *Henson v. Santander Consumer USA Inc*., 137 S. Ct. 1718, 1724 (2017). In this case, Chase is not seeking to recover on debt owed to another, but rather its own debt.

In addition, Plaintiffs were not yet in default at the time that Chase acquired their loan. The FDCPA clearly excludes: "any person collecting or attempting to collect any

ORDER – 7

debt owed or due or asserted to be owed or due another to the extent such activity … (iii) concerns a debt which was not in default at the time it was obtained by such person." *See* 15 U.S.C. § 1692a(6). As discussed above, Chase acquired Plaintiffs' loan in 2008. Dkt. # 28, Ex. 3. Plaintiffs did not default on the loan until 2010. Dkt. # 28 at ¶ 8.

Finally, Chase's efforts to foreclose on the property do not qualify as FDCPA debt collection. Instead, Chase was merely seeking to recover on the collateral securing the debt. *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019); *Gilchrist v. Bayview Loan Servicing*, LLC, 2016 WL 6635111, *4 (W.D. Wash. 2016). To the extent Plaintiffs are attempting to assert an exception to the foreclosure rule under 15 U.S.C. § 1692f(6), this claim also fails. Section 1692f(6) provides that threatening to take a nonjudicial action to effect dispossession violates the FDCPA if: "(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." Here, Chase had a right to possession of the property as collateral under its security interest. Dkt. # 28 at ¶ 17. In addition, the foreclosure sale never occurred (Dkt. # 28 at ¶¶ 20-22), so Plaintiffs cannot establish attempted foreclosure in violation of Section 1692f(g). *See Lake v. MTC Fin., Inc.,* 2017 WL 3129624, *7 (W.D. Wash. 2017).

Accordingly, Plaintiffs' FDCPA claim fails as a matter of law and the Court **GRANTS** Defendant's motion as to this cause of action.

### F. Washington Consumer Protection Act

To prevail on a CPA claim, a plaintiff must demonstrate five distinct elements: (1) that the defendant engaged in an unfair or deceptive act or practice, (2) that the act occurred in trade or commerce, (3) that the act impacts the public interest, (4) that the plaintiff suffered injury to his or her business or property, and (5) that the injury was causally related to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wash. 2d 778, 793 (1986).

Under the causation element, a plaintiff must establish that, "but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Babrauskas v. Paramount Equity Mortg.*, 2013 WL 5743903, at *4 (W.D. Wash. Oct 23, 2013) (quoting *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.*, 162 Wash. 2d 59, 84 (2007)). Failure to establish injury is fatal to a CPA claim. *Bavand v. OneWest Bank*, 196 Wn. App. 813, 847 (2016), *as modified* (Dec. 15, 2016) (failure to show injury makes any factual dispute on other elements irrelevant); *Knecht v. Fid. Nat'l Title Ins. Co.*, 2015 WL 3618358, *10 (W.D. Wash. 2015).

Here, Plaintiffs offer no facts to show that they were injured as a result of Chase's alleged violation of the CPA. Plaintiffs have not paid on their loan since December 2010, long before they began submitting their incomplete loan modification applications. Dkt. # 28 at ¶ 8. Plaintiffs were offered four separate loan modification applications, which they did not accept. Dkt. # 28 at ¶¶ 9, 17-18, Exs. 4-5, 10-11. Plaintiffs cannot now allege injury based on their default where their own failure to meet their loan obligation is the "but for" cause of their "damages." *Babrauskas*, 2013 WL 5743903, at *3 ("[P]laintiff's failure to meet his debt obligations is the 'but for' cause of the default" and "foreclosure."). Viewing the facts in a light most favorable to Plaintiffs, the Court finds there is no dispute as to whether Defendant's conduct violated the CPA. Accordingly, the Court **GRANTS** Defendant's motion as to this cause of action.

### G. Civil Conspiracy

To establish a civil conspiracy, Plaintiffs must prove that (1) two or more people contributed to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy. *Corbit v. J.I. Case Co.,* 70 Wash.2d 522, 528–29 (1967). Importantly, a civil conspiracy claim cannot exist independently — it must be based on a separate underlying claim of wrongdoing. *Nw. Laborers-Employers Health & Sec. Tr. Fund v. Philip Morris, Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash.

1999) ("A conspiracy claim fails if the underlying act or claim is not actionable.") (internal citation omitted).  Because Plaintiffs' other claims fail, their civil conspiracy claim necessarily also fails.  Accordingly, the Court **GRANTS** Defendant's motion as to this cause of action.

### H. Declaratory Judgment

Finally, Plaintiffs argue that they are entitled to declaratory judgment on the basis that Chase violated RESPA by engaging in dual-tracking.  Dkt. # 1-1 at 35-36.  In order for a court to grant declaratory relief, there must first be "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Marin v. Lowe*, 8 F.3d 28 (9th Cir. 1993).  Here, no controversy exists.  As previously established, Plaintiffs' RESPA claim fails because they never submitted a complete loan modification application. *See supra* at 5.  As such, Plaintiffs' claim for declaratory relief fails as a matter of law and Defendant's motion is **GRANTED** as to this cause of action.

### IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment.  Dkt. # 27.

DATED this 24th day of February, 2020.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 10