HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN R. WILSON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JPMORGAN CHASE, N.A., et al.,<br><br>Defendants. | Nos. 2:17-cv-00696-RAJ (consolidated with 2:17-CV-01389-RAJ)<br><br>**ORDER** |

## I.   INTRODUCTION

This matter is before the Court on Plaintiff's Motion to Amend Response to Motion for Summary Judgment and Vacate Judgment, Dkt. # 50, and Motion for Reconsideration of Summary Judgment Order, Dkt. # 51. For the reasons below, the Court **DENIES** the motions.

## II.   BACKGROUND

Plaintiffs John and Jacqueline Wilson ("Plaintiffs") filed this case in Snohomish County Superior Court on April 6, 2017. Dkt. # 1. Defendants properly removed the case to this Court on May 4, 2017. *Id.* Two years later, on May 13, 2019, Defendant JP Morgan Chase N.A. ("Defendant") filed a motion for summary judgment. Dkt. # 27.

ORDER – 1

On May 15, 2019[1], Plaintiffs filed a Motion to Approve Mediation For Resolving Dispute, alleging that both parties agreed to resolve the matter through mediation in the parties' October 2018 Joint Status Report. Dkt. # 31 at 1. Defendant responded that the parties did not agree to resolve the matter through mediation, but rather indicated in the report that alternative dispute resolution with the Court or assigned magistrate judge *might* resolve the case. Dkt. # 36 at 3. Defendants noted that Plaintiffs failed to show that mediation would be effective, particularly because Plaintiffs already rejected four loan modifications proposed by Defendant. *Id.* Defendant further noted that Plaintiffs had failed to pursue mediation or take any action since October 2018. Dkt. # 33 at 2.

On May 28, 2019, Plaintiffs moved for an extension of time to file their response to Defendant's summary judgment motion. Dkt. # 34 at 1. Plaintiffs contended that Mr. Wilson's "very heavy [] workload involving two new startup businesses" precluded them from timely responding to the motion as well other trial deadlines and requested a three-month extension on all. *Id.* at 2. Defendant opposed the request for additional time, arguing that Plaintiffs' busy work schedule was insufficient to establish good cause. Dkt. # 36 at 3. On June 21, 2019, Plaintiffs responded to the motion for summary judgment. Dkt. # 38.

On September 24, 2019, the parties filed a Joint Motion to Continue Trial Dates in which they moved the Court to postpone the December 9, 2019 trial date by at least four months to allow the parties to pursue mediation. Dkt. # 45 at 2. The parties further moved the Court to order completion of third-party mediation "no later than December 19, 2019." *Id.* at 3. The Court denied the motion to continue trial but struck the trial date and all remaining pretrial deadlines. Dkt. # 46. The Court noted that it would set a deadline for the parties to complete mediation, if necessary, after the Court issued a

---

[1] Plaintiffs state they mailed their motion for mediation on May 7, 2019, but it was not filed by the clerk until May 15, 2019. Dkt. # 45 at 2. The date is irrelevant here as it does not affect the analysis or outcome.

ORDER – 2

ruling on Defendant's summary judgment motion. *Id.*

Five months later, on February 24, 2020, the Court granted summary judgment in favor of Defendant. Dkt. # 47. On March 6, 2020, Plaintiffs filed the instant motions.

### III. DISCUSSION

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). Such a motion shall be filed within fourteen days of the order to which it relates is filed. LCR 7(h)(2).

The Ninth Circuit directs courts "to make reasonable allowances for *pro se* litigants and to read *pro se* papers liberally," *McCabe v. Arave*, 827 F.2d 634, 640 (9th Cir. 1987). The Court maintains, however, that district courts lack "the power to act as a party's lawyer, even for *pro se* litigants." *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007). Indeed, while acknowledging the challenges facing *pro se* litigants, the Ninth Circuit has circumscribed their rights accordingly:

> The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds *pro se* with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an "advocate" for or to assist and guide the *pro se* layman through the trial thicket.

*Id.* (citation omitted).

In their Motion to Amend Response to Motion for Summary Judgment and Vacate Judgment, Dkt. # 50, and Motion for Reconsideration of the Summary Judgment Order, Dkt. # 51, Plaintiffs request an extension of six weeks to amend their response to Defendant's motion for summary judgment. Dkt. # 50 at 3. The Court has already ruled on the motion for summary judgment and denies this untimely request to modify briefing.

Even if the Court were to construe this as a request for an extension of time to file a motion for reconsideration, the request fails. Plaintiffs have attempted to use their *pro*

ORDER – 3

*se* status and busy work schedule as justification for extensions of time to file briefs. *See* Dkt. ## 34, 51. *Pro se* status does not, however, remove a party's obligations in adhering to court deadlines, *see* 508 F.3d at 1219, and a busy work schedule is insufficient to warrant an extension of time.

Moreover, Plaintiffs fail to allege or indicate an intention to allege any new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. Plaintiffs merely claim that additional time "is necessary to correct significant [*pro se*] mistakes and errant omissions." Flawed arguments and a failure to present the court with facts available earlier are insufficient here. In the absence of intervening legal authority and new facts, Plaintiffs lack the requisite foundation for a motion for reconsideration.

Plaintiffs also move the Court to vacate its summary judgment order to allow the parties to pursue mediation. The Court denies this request. Plaintiffs filed this action over three years ago. Dkt. # 1. Defendants moved for summary judgment two years later. Dkt. # 27. The Court did not rule on the motion for summary judgment until nine months later, which was three months *after* the deadline for the completion of mediation proposed by the parties themselves, Dkt. # 45. Dkt. # 47. The parties had sufficient time to pursue mediation and failed to do so. Defendants should be afforded closure on the lawsuit Plaintiffs filed against them over three years ago.

## VI. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motions. Dkt. ## 50, 51.

DATED this 23rd day of October, 2020.

*Richard A. Jones*
—————————————
The Honorable Richard A. Jones
United States District Judge

ORDER – 4